UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERMAN VASQUEZ,

                Petitioner,

    v.

DEREK SANDERS,

                Respondent.

Case No. C25-6148-JHC-SKV

REPORT AND RECOMMENDATION

Petitioner German Vasquez is a Washington state prisoner who is currently confined at the Thurston County Corrections Facility pursuant to a judgment and sentence entered in Olympia Municipal Court case number 2025897. *See* Dkt. 5-3 at 1; Dkt. 8 at 7. Petitioner has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he states that he pled guilty to two counts of violating a protection order "under emotional duress to see . . . [his] new born son[]" and that the protection order at issue was "issue[d] under false allegations." Dkt. 5-3 at 2, 5, 8; Dkt. 8 at 7 (Judgment and Sentence). Petitioner asks the Court to vacate his conviction and sentence. *See* Dkt. 5-3 at 15.

After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## I.    DISCUSSION

On December 22, 2025, Petitioner submitted the instant federal habeas petition to the Court for filing.  *See* Dkts. 1, 5-3.  As noted above, the petition relates to the judgement and sentence entered in Olympia Municipal Court case number 2025897 on November 4, 2025.  *See* Dkt. 5-3 at 1; Dkt. 8 at 7.  Petitioner alleges in his petition that he pled guilty to two counts of violating a protection order while "under emotional duress to see . . . [his] new born son[]" and contests the accuracy of allegations that supported the protective order.  Dkt. 5-3 at 2, 5, 8.

In order to obtain relief under § 2254, a petitioner must demonstrate that his claims for federal habeas relief have been properly exhausted in the state courts.  *See* 28 U.S.C. § 2254(b)–(c).  The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (first citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995); then citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

After reviewing the petition, this Court determined that Petitioner had not appealed his judgment of conviction in the state courts and thus his claim was not eligible for federal habeas review.  *See* Dkt. 5-3 at 2.  Thus, on February 4, 2026, this Court issued an Order directing Petitioner to show cause as to why this action should not be dismissed.  *See* Dkt. 9 at 2.  The Court explained therein that in order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in

REPORT AND RECOMMENDATION - 2

the state courts. *See id.* at 1 (citing 28 U.S.C. § 2254(b)–(c)). The Court observed that Petitioner made clear in his petition that he had not presented the issues raised in his federal habeas petition to any state appellate court for review and, thus, that it appeared his claim was unexhausted and ineligible for federal habeas review. *See id.* at 2.

Petitioner subsequently submitted various filings that pressed the merits of his claim without explicitly addressing exhaustion. *See* Dkts. 10–11, 13. Petitioner also requested that this matter and Olympia Municipal Court case number 2025897 be stayed and counsel appointed for him. *See* Dkts. 14–17. A letter from the Washington Supreme Court appended to one of his filings indicates that Petitioner wrote a letter to that court, received on February 24, 2026, expressing desire to appeal a decision entered in Olympia Municipal Court case number 2025897. *See* Dkt. 17 at 5. The Supreme Court informed him how to initiate an appeal, *see id.*, and Petitioner indicated intent to seek review, *see id.* at 3. Because Petitioner makes no showing that he presented his proposed grounds for federal habeas relief to the state courts for review prior to filing the instant federal habeas action, Petitioner's claim is not cognizable.[1] Petitioner's federal habeas petition should therefore be dismissed.

## II.    CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could

---

[1] Petitioner also indicated that he may no longer be in custody pursuant to the sentence he challenges. *See* Dkt. 15 at 3 ("I have already done the sentence imposed[.]"). However, as of March 5, 2026, Petitioner mailed a filing from Thurston County Jail. *See* Dkt. 17 at 7. Whether the custody he challenges in this petition has ended is therefore unclear.

REPORT AND RECOMMENDATION - 3

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes Petitioner is not entitled to a certificate of appealability in this matter.

III.    <u>CONCLUSION</u>

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition and this action be DISMISSED without prejudice for failure to exhaust state court remedies, that a certificate of appealability be denied, and that Petitioner's pending motions to proceed in forma pauperis and motion to stay proceedings and appoint counsel at Docket Nos. 5 and 17 be found MOOT.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 22, 2026**.

Dated this 1st day of April, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4